COPY

RUSS AUGUST & KABAT
Irene Y. Lee, CA State Bar No. 213625
Email: ilee@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310.826.7474
Facsimile: 310.826.6991

PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
Brett A. August, IL State Bar No. 0081345
Email: baa@pattishall.com
311 South Wacker Drive, Suite 5000
Chicago, IL 60606
Telephone: 312.554.8000
Facsimile: 312.554.8015

Attorneys for Plaintiff MY FAVORITE COMPANY, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY FAVORITE COMPANY, INC., | Case No. CV10 7530 PSG PJWx |
| Plaintiff, | COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES BASED UPON: |
| v. | |
| WAL-MART STORES, INC. d/b/a WAL-MART; | (1) TRADEMARK COUNTERFEITING IN VIOLATION OF SECTION 32 OF THE LANHAM ACT; |
| ROSS ACQUISITION CO. d/b/a GALERIE AU CHOCOLAT; | (2) TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT AND COMMON LAW; |
| FRANKFORD CANDY & CHOCOLATE CO., INC.; | |
| IMAGININGS 3, INC.; | (3) UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT; |
| MORRIS NATIONAL, INC.; | |
| GEMMY INDUSTRIES CORP.; | (4) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTIONS 17200, *et. seq.*; and |
| WILTON INDUSTRIES, INC.; and | |
| DOES 1-10, | (5) COMMON LAW CIVIL CONSPIRACY. |
| Defendants. | JURY TRIAL DEMANDED |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

RUSS, AUGUST & KABAT

1    Plaintiff, My Favorite Company, Inc., alleges as follows:

2                    **JURISDICTION AND VENUE**

3        1.    This Court has jurisdiction because this action arises under the

4    Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1141 (the "Lanham Act"),

5    and jurisdiction is specifically conferred by 15 U.S.C. § 1121 and 28 U.S.C.

6    § 1338(a) and (b).  Jurisdiction for the California state statutory and common law

7    claims is proper pursuant to 28 U.S.C. § 1367(a).

8        2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) in

9    that the parties are located in or transact their affairs in this judicial district, and/or

10   a substantial part of the events or omissions giving rise to the claim occurred in this

11   judicial district, and because all the parties are subject to personal jurisdiction in

12   this Court.

13                          **PARTIES**

14       3.    Plaintiff, My Favorite Company, Inc. ("MFC"), is a Florida

15   corporation with its principal place of business in Los Angeles, California.  MFC

16   sells candy and toy products under the federally-registered trademark TREAT

17   STREET.

18       4.    Defendant Wal-Mart Stores, Inc. d/b/a Wal-Mart ("Wal-Mart") is a

19   Delaware corporation with its principal place of business in Bentonville, Arkansas.

20   Wal-Mart conducts business in this judicial district.

21       5.    Wal-Mart is the world's largest corporation, with a 2010 market value

22   of well over $200 billion according to Forbes.com, and reported annual sales of

23   over $400 billion.

24       6.    Wal-Mart has for approximately four years purchased TREAT

25   STREET branded products from MFC for sale nation-wide in Wal-Mart retail

26   stores.

27

28                              1

———————————————————————————————
**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

7.     MFC is informed and believes that Wal-Mart recently began ordering and purchasing from the defendants listed in paragraphs 8 through 14 below, and without MFC's consent or authorization, candy and toy products bearing the trademarks TREAT STREET or FREAK STREET for sale nation-wide in Wal-Mart stores, including Wal-Mart stores located throughout the State of California and in this judicial district.

8.     Defendant Ross Acquisition Co. d/b/a Galerie Au Chocolat ("Galerie") is an Ohio corporation with a principal place of business in Hebron, Kentucky.   On information and belief, Galerie manufactures and/or distributes goods bearing the TREAT STREET or FREAK STREET trademarks for sale in Wal-Mart stores, including Wal-Mart stores located throughout the State of California and in this judicial district.

9.     Defendant Frankford Candy & Chocolate Co., Inc. ("Frankford") is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.   On information and belief, Frankford manufactures and/or distributes goods bearing the TREAT STREET or FREAK STREET trademarks for sale in Wal-Mart stores, including Wal-Mart stores located throughout the State of California and in this judicial district.

10.    Defendant Imaginings 3, Inc. ("Imaginings 3") is an Illinois corporation with a principal place of business in Niles, Illinois.   On information and belief, Imaginings 3 manufactures and/or distributes goods bearing the TREAT STREET or FREAK STREET trademarks for sale in Wal-Mart stores, including Wal-Mart stores located throughout the State of California and in this judicial district.

11.    Defendant Morris National, Inc. ("Morris") is a California corporation with a principal place of business in Azusa, California.   Morris is doing business in this judicial district at 760 N. McKeever Avenue, Azusa, California 91702.   On

2

RUSS, AUGUST & KABAT

1   information and belief, Morris manufactures and/or distributes goods bearing the

2   TREAT STREET or FREAK STREET trademarks for sale in Wal-Mart stores,

3   including Wal-Mart stores located throughout the State of California and in this

4   judicial district.

5   12.   Defendant Gemmy Industries Corporation ("Gemmy") is a Texas

6   corporation with a principal place of business in Coppell, Texas.  On information

7   and belief, Gemmy manufactures and/or distributes goods bearing the TREAT

8   STREET or FREAK STREET trademarks for sale in Wal-Mart stores, including

9   Wal-Mart stores located throughout the State of California and in this judicial

10   district.

11   13.   Defendant Wilton Industries, Inc. ("Wilton") is a Delaware

12   corporation with a principal place of business in Woodridge, Illinois.   On

13   information and belief, Wilton manufactures and/or distributes goods bearing the

14   TREAT STREET or FREAK STREET trademarks for sale in Wal-Mart stores,

15   including Wal-Mart stores located throughout the State of California and in this

16   judicial district.

17   14.   Because the true names of Defendants John Does 1-25 are unknown

18   to MFC at this time, MFC sues these Defendants using fictitious names.  MFC will

19   amend this Complaint when their true names are identified.  MFC is informed and

20   believes that John Does 1-25 are other manufacturers and/or distributors of goods

21   bearing the TREAT STREET or FREAK STREET trademarks for sale in Wal-

22   Mart stores, including Wal-Mart stores located throughout the State of California

23   and in this judicial district.

24   15.   Defendants' actions as alleged herein constitute blatant and intentional

25   trademark   counterfeiting   and   infringement,   unfair   competition   and   civil

26   conspiracy, in violation of federal and state law.

27

28

RUSS, AUGUST & KABAT

3

## MFC AND ITS VALUABLE TREAT STREET TRADEMARK

16.　MFC distributes and sells candy, chocolates, cookies and specialty gift items, including plush toys and plastic toys.

17.　MFC is a small company, with gross annual revenue below $20 million.

18.　MFC's most valuable trademark is TREAT STREET (the "TREAT STREET Mark"). MFC has been selling candy and toys in United States commerce under the TREAT STREET Mark since at least as early as October 2005, and its U.S. Trademark Office rights in the TREAT STREET Mark date back to August 20, 2002, when it applied to register the TREAT STREET Mark.

19.　MFC's TREAT STREET candy and toy products consist of seasonal items that are tailored to holidays such as Halloween, Christmas, Easter and Valentine's Day, as well as everyday products.

20.　MFC's TREAT STREET line includes products such as Halloween-themed decorated gummy treats called "Horror D'oeuvres & Finger Food," Halloween-themed lollipops in the shape and color of candy corn, and a Halloween-themed wind-up plastic toy in mummy, skeleton and monster designs. Examples of other TREAT STREET products include a wind-up Easter-themed "Funny Bunny" and a winter-themed candy stick with a plush snowman finger puppet on top. Images of each of these items are attached to this Complaint as Exhibit 1. Each of these products prominently bears the TREAT STREET Mark on the tag or packaging.

21.　MFC has sold many millions of dollars worth of its TREAT STREET branded products (the "TREAT STREET Products"), and it expends significant sums of money marketing products under its TREAT STREET brand. By virtue of MFC's sales and marketing of candy and toy products under the TREAT STREET Mark, MFC has built up and now owns valuable goodwill in that mark.

4

RUSS, AUGUST & KABAT

22.     MFC owns two U.S. federal trademark registrations for its TREAT STREET Mark.   Registration No. 3,308,012 is for "candy."   Registration No. 2,861,361 is for "plush toys" and is incontestable in accordance with 15 U.S.C. § 1065, meaning that it is "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce" in accordance with 15 U.S.C. § 1115(b) (emphasis added).   Copies of Registration Certificates for Registration Nos. 2,861,361 and 3,308,012 are attached as Exhibit 2.

23.     MFC filed the applications that matured into Registration Nos. 3,308,012 and 2,861,361 on an intent-to-use basis on August 20, 2002, giving MFC nation-wide rights in the TREAT STREET Mark since at least as early as that filing date.

## MFC's RELATIONSHIP WITH WAL-MART

24.     MFC sells its TREAT STREET Products to retail stores, including Wal-Mart.

25.     On or about January 2006, Wal-Mart began purchasing MFC's TREAT STREET branded candy and toys for sale nationwide in Wal-Mart stores, including stores in California and in this judicial district.   Wal-Mart has purchased and carried MFC's TREAT STREET Products seasonally for holidays such as Valentine's Day, Easter and Christmas consistently for the past four years.

26.     Since January 2006, MFC has sold approximately $6 million worth of its TREAT STREET Products to Wal-Mart.   Wal-Mart is MFC's single biggest customer of the TREAT STREET Products.

27.     Wal-Mart was offered but did not order or purchase any TREAT STREET Products from MFC for the 2010 Halloween season.

5

RUSS, AUGUST & KABAT

## THE DEFENDANTS' UNLAWFUL ACTS

28.    Beginning at least as early as the 2010 Halloween season, Wal-Mart started selling candy and toy products bearing the mark TREAT STREET that were not acquired from or sold with the authorization of MFC (the "Counterfeit TREAT STREET Products").

29.    Wal-Mart's Counterfeit TREAT STREET Products are functionally identical to MFC's genuine TREAT STREET Products.  They include novelty and seasonal items such as "Barrels of Candy" filled with crunchy pumpkins, bats, and ghosts, liquid candy-filled "Boo Bottles," candy bracelets, candy sticks with gummies in the shapes of spiders and snakes, and gummies in the shapes of pumpkins, spiders, and bats.  Images of some of these items are attached to this Complaint as Exhibit 3.

30.    The mark TREAT STREET appears prominently on the front of the tag or packaging of all the Counterfeit TREAT STREET Products.

31.    The mark TREAT STREET on the Counterfeit TREAT STREET Products is immediately visible to consumers.

32.    Wal-Mart is also selling items related to candy or toys that bear the mark TREAT STREET that also were not acquired from or sold with the authorization of MFC (the "Infringing TREAT STREET Products").  These include trick-or-treat bags, cookie cutter sets, hanging skeletons and electric jack-o-lanterns (the "Infringing TREAT STREET Products").  Images of some of these items are attached to this Complaint as Exhibit 4.

33.    The mark TREAT STREET appears prominently on the front of the tag or packaging of the Infringing TREAT STREET Products and is immediately visible to consumers.

34.    Wal-Mart is also selling more gory candy products under the confusingly-similar mark "FREAK STREET" (the "Infringing FREAK STREET

6

Products"). These include gummy candy called "Body Parts," a "Body Parts Platter" in which candy has the appearance of fingers and eyeballs, "Bug Lollipops" with fake bugs inside the translucent lollipops, hard candy "Skulls," and "Marshmallow Brain" and "Marshmallow Skull" candies. Images of some of these items are attached to this Complaint as Exhibit 5.

35. The mark FREAK STREET appears prominently on the front of the tag or packaging of the Infringing FREAK STREET Products and is immediately visible to consumers.

36. Defendants Galerie, Frankford, Imaginings 3, Morris, Gemmy and Wilton are identified as the distributor or manufacturer on many of the Counterfeit TREAT STREET Products and the Infringing FREAK STREET Products. Wal-Mart is identified as the distributor on the tags of the Infringing TREAT STREET Products.

37. The majority of the counterfeit and infringing products indicate that they are a "Product of China" or "Made in China." Plaintiff MFC is without knowledge as to whether or not adequate quality control standards were exercised by Defendants over their Counterfeit and Infringing TREAT STREET and FREAK STREET Products. MFC was not given the opportunity to exercise any control over the manufacture of those products.

38. On information and belief, Wal-Mart contacted Defendants Galerie, Frankford, Imaginings 3, Morris, Gemmy and Wilton, as well as unnamed John Doe defendants (collectively, the "Manufacturer and Distributor Defendants"), and instructed them to manufacture or purchase the Counterfeit and Infringing TREAT STREET and FREAK STREET Products described above.

RUSS, AUGUST & KABAT

7

## WAL-MART'S "TREAT STREET" AISLE

39.     Wal-Mart generally requires vendors to display their products on display trays referred to as "PDQs," which are then placed on Wal-Mart's shelves.

40.     On information and belief, Wal-Mart has instructed its vendors of Halloween-themed candy, toy and novelty goods to place the mark TREAT STREET on the sides of their retail display trays.  This display of the mark TREAT STREET helps Wal-Mart personnel determine where in the store to place the product, and it is visible to consumers who shop in Wal-Mart stores.

41.     On information and belief, Wal-Mart has used the mark TREAT STREET to refer to an entire section of the Halloween-themed aisle in Wal-Mart stores.

## DAMAGE CAUSED BY THE COUNTERFEIT AND INFRINGING PRODUCTS

42.     Defendants' manufacture, distribution and sale of the counterfeit and infringing TREAT STREET and FREAK STREET products are without MFC's authorization or consent.

43.     MFC's rights in the TREAT STREET Mark are prior to any claim of right any of the Defendants have in that mark.

44.     Wal-Mart has ordered and purchased the Counterfeit and Infringing TREAT STREET Products, and the Infringing FREAK STREET Products, from the Manufacturer and Distributor Defendants, instead of purchasing genuine TREAT STREET Products from MFC.

45.     Consumers shopping for Halloween candy and toys at Wal-Mart stores nationwide are purchasing and will purchase Wal-Mart's Counterfeit and Infringing TREAT STREET Products, and the Infringing FREAK STREET

8

RUSS, AUGUST & KABAT

Products, instead of purchasing genuine TREAT STREET Products from MFC at other retail locations.

46.     Consumers who buy the Counterfeit or Infringing TREAT STREET Products or the Infringing FREAK STREET Products or encounter them post-sale are likely to believe, mistakenly, that MFC manufactured those products or authorized their sale by Wal-Mart.

47.     Any dissatisfaction, harm or damage to consumers due to low-quality, defective or unsafe Counterfeit or Infringing Products is likely to cause consumers to associate the low-quality, defective or unsafe nature of the products with MFC.

48.     Defendants' manufacture, distribution, advertising and sale of the Counterfeit and Infringing Products irreparably damages both MFC's goodwill in its TREAT STREET Mark and MFC's business reputation.

49.     Wal-Mart engaged in the conduct alleged herein with full, actual knowledge of MFC's rights and interest in its TREAT STREET Mark, as Wal-Mart had been purchasing and reselling genuine MFC TREAT STREET Products for four years prior to engaging in the unlawful conduct complained of herein.  All Defendants have constructive notice of MFC's rights and interest in its TREAT STREET Mark by virtue of MFC's multiple registrations of that mark.

50.     On information and belief, Wal-Mart's sale of the Counterfeit and Infringing TREAT STREET and FREAK STREET Products is and continues to be in deliberate, willful and wanton violation of MFC's trademark rights.

51.     By manufacturing, distributing and selling counterfeit and infringing TREAT STREET and FREAK STREET products, Defendants have overwhelmed the marketplace with Counterfeit and Infringing Products, causing MFC to lose any and all control over its reputation and goodwill in its TREAT STREET Mark.

9

52.     Defendants' blatant disregard for MFC's TREAT STREET brand has caused the permanent and irreparable destruction of the value and goodwill of MFC's TREAT STREET Mark.

## COUNT I
## TRADEMARK COUNTERFEITING
### (SECTION 32 OF THE LANHAM ACT)

53.     MFC re-alleges Paragraphs 1 through 52 as if fully set forth herein.

54.     Defendants' aforesaid use of MFC's TREAT STREET Mark on the Counterfeit TREAT STREET Products constitutes use of a spurious mark identical to MFC's genuine TREAT STREET Mark which is federally registered for candy and toys.

55.     Defendants' acts have caused or are likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of the counterfeit products, in that purchasers and others in this judicial district and elsewhere in the United States are likely to believe MFC authorizes and controls the sale of the counterfeit products in the United States or that Defendants are associated with or related to MFC or are authorized by MFC to sell TREAT STREET products.

56.     On information and belief, Defendants' acts have injured MFC's image and reputation with consumers in this District and elsewhere in the United States by creating confusion about MFC's legitimate TREAT STREET Products.

57.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58.     Defendants' acts greatly and irreparably damage MFC and will continue to so damage MFC unless restrained by this Court; wherefore, MFC is without an adequate remedy at law. Accordingly, MFC is entitled to, among other things, an order preliminarily and permanently enjoining and restraining

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Defendants from manufacturing, advertising and selling their counterfeit products,

2    and to have all Counterfeit TREAT STREET Products destroyed.

3                                    **COUNT II**
                            **TRADEMARK INFRINGEMENT**
4        **(SECTION 32 OF THE LANHAM ACT AND COMMON LAW)**

5

6        59.    MFC re-alleges Paragraphs 1 through 52 as if fully set forth herein.

7        60.    Defendants' Infringing TREAT STREET Products and Infringing

8    FREAK STREET Products bear marks identical or confusingly similar to MFC's

9    TREAT STREET Mark, are identical or related products to MFC's TREAT

10   STREET products, are sold through identical sales channels, and are low-cost

11   items that consumers are unlikely to take care in purchasing.

12       61.    Defendants' acts have overwhelmed the marketplace with infringing

13   TREAT STREET and FREAK STREET products that have effectively hijacked all

14   of MFC's goodwill and all the value of MFC's TREAT STREET Mark.

15   Defendants, therefore, are liable for trademark infringement under both forward

16   confusion and reverse confusion theories of infringement.

17       62.    Defendants' acts have caused or are likely to cause confusion, mistake

18   or deception as to the source or origin, sponsorship or approval of the Infringing

19   TREAT STREET Products and Infringing FREAK STREET Products, in that

20   purchasers and others in this District and elsewhere in the United States are likely

21   to believe MFC authorizes and controls the sale of these infringing products in the

22   United States, or that Defendants are associated with or related to MFC or

23   authorized by MFC to sell legitimate TREAT STREET Products.

24       63.    On information and belief, Defendants' acts have injured MFC's

25   reputation with consumers in this District and elsewhere in the United States by

26   creating confusion about MFC's TREAT STREET Products.

27

28

RUSS, AUGUST & KABAT

11

64.     Defendants' manufacture, advertisement and sale of the infringing products constitute trademark infringement of the TREAT STREET Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and the common law of many of the several States, including the State of California.

65.     Defendants' acts greatly and irreparably damage MFC and will continue to so damage MFC unless restrained by this Court; wherefore, MFC is without an adequate remedy at law. Accordingly, MFC is entitled to, among other things, an order preliminarily and permanently enjoining and restraining Defendants from manufacturing, advertising and selling their infringing products.

**COUNT III**
**UNFAIR COMPETITION**
**(SECTION 43(a) OF THE LANHAM ACT)**

66.     MFC re-alleges Paragraphs 1 through 52 as if fully set forth herein.

67.     Defendants' acts constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     Defendants' acts greatly and irreparably damage MFC and will continue to so damage MFC unless restrained by this Court; wherefore, MFC is without an adequate remedy at law. Accordingly, MFC is entitled to, among other things, an order preliminarily and permanently enjoining and restraining Defendants from manufacturing, advertising and selling their infringing products.

**COUNT IV**
**UNFAIR COMPETITION**
**(CALIFORNIA BUS. & PROF. CODE SECTIONS 17200, *et seq.*)**

69.     MFC re-alleges Paragraphs 1 through 52 as if fully set forth herein.

70.     Defendants' acts constitute unfair competition in violation of California Business & Professions Code §§ 17200, *et seq.*

12

RUSS, AUGUST & KABAT

71.     Defendants intentionally have traded upon and unfairly benefited from MFC's valuable goodwill, reputation and substantial marketing and have been unjustly enriched thereby.

72.     Defendants have misappropriated for themselves the commercial value of the TREAT STREET Marks and have destroyed the value of MFC's goodwill in these marks.

73.     Defendants' acts greatly and irreparably damage MFC and will continue to so damage MFC unless restrained by this Court; wherefore, MFC is without an adequate remedy at law.  Accordingly, MFC is entitled to, among other things, an order preliminarily and permanently enjoining and restraining Defendants from advertising and selling their infringing products.

**COUNT V**
**CIVIL CONSPIRACY**
**(COMMON LAW)**

74.     MFC re-alleges Paragraphs 1 through 52 as if fully set for the herein.

75.     MFC is informed and believes that an agreement and conspiracy existed and continues to exist among Defendants and other co-conspirators, to unlawfully manufacture, advertise, distribute and sell the Counterfeit and Infringing Products under MFC's TREAT STREET Mark.

76.     Defendants intentionally have traded upon and unfairly benefited from MFC's valuable goodwill, reputation and substantial advertising and have been unjustly enriched thereby.

77.     Defendants' acts greatly and irreparably damage MFC and will continue to so damage MFC unless restrained by this Court; wherefore, MFC is without an adequate remedy at law.  Accordingly, MFC is entitled to, among other things, an order preliminarily and permanently enjoining and restraining Defendants from advertising and selling their infringing products.

13

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1    **WHEREFORE**, MFC prays that:

2    1.    Defendants, their partners, officers, agents, servants, employees and

3 attorneys, their successors and assigns, and all others in active concert or

4 participation with them, be enjoined and restrained during the pendency of this

5 action, and permanently thereafter, from: using the TREAT STREET or FREAK

6 STREET marks or any other marks which are likely to cause confusion with MFC

7 or the TREAT STREET Mark, or are likely to result in unfair competition with

8 MFC.

9    2.    Defendants, and all others holding by, through or under them, be

10 required, jointly and severally, to:

11      a)    account for and pay over to MFC statutory damages for

12 each counterfeit product sold by them under the aforesaid TREAT

13 STREET Mark in an amount to be determined in accordance with 15

14 U.S.C. § 1117(c);

15      b)    account for and pay over to MFC all profits derived by

16 Defendants from their acts of trademark counterfeiting, infringement

17 and unfair competition in accordance with 15 U.S.C. § 1117(a) and

18 the laws of California;

19      c)    pay to MFC treble the amount of all damages incurred by

20 Plaintiffs by reason of Defendants' acts of trademark counterfeiting,

21 infringement and unfair competition, in accordance with 15 U.S.C.

22 § 1117(a) and (b);

23      d)    pay to MFC the costs of this action, together with

24 reasonable attorneys' fees and disbursements, in accordance with 15

25 U.S.C. § 1117(a) and (b) and the laws of California;

26      e)    pay to MFC prejudgment interest in accordance with 15

27 U.S.C. § 1117(b);

28

14

---

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

f)      deliver up for destruction all goods, products, labels, signs, prints, boxes, packages, advertisements, catalogs and all promotional or other material in their possession or under their control bearing the TREAT STREET or FREAK STREET trademarks or any other trademarks confusingly similar thereto in accordance with 15 U.S.C. § 1118;

g)      send, by U.S. mail, to each person or entity known to have purchased any Counterfeit or Infringing Products a letter, subject to the approval of MFC, instructing that Defendants shall refund the cost of these products, and that these products must be returned to Defendants at Defendants' cost; and

h)      file with the Court and serve on MFC an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

3.      MFC have such other and further relief as the Court deems just and equitable.

DATED: October 7, 2010

Respectfully submitted,

RUSS, AUGUST & KABAT


By: _____
       Irene Y. Lee

PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP
Brett A. August

Attorneys for Plaintiff
MY FAVORITE COMPANY, INC.

RUSS, AUGUST & KABAT

15

1

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff My Favorite Company, Inc. hereby demands trial by jury on all issues.

DATED: October 7, 2010                         Respectfully submitted,

RUSS, AUGUST & KABAT

By: _____
       Irene Y. Lee

PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
Brett A. August

Attorneys for Plaintiff
MY FAVORITE COMPANY, INC.

16

# EXHIBIT 1





18













20







21

# EXHIBIT 2

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38, and 50

**United States Patent and Trademark Office**

Reg. No. 2,861,361
Registered July 6, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## TREAT STREET

MY FAVORITE COMPANY, INC. (FLORIDA
 CORPORATION)
PO BOX 69977
LOS ANGELES, CA 90069

FOR: PLUSH TOYS, IN CLASS 28 (U.S. CLS. 22, 23,
38 AND 50).

FIRST USE 6-1-2003; IN COMMERCE 6-1-2003.

SN 78-155,953, FILED 8-20-2002.

LAVERNE THOMPSON, EXAMINING ATTORNEY

22

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 3,308,012
Registered Oct. 9, 2007

## TRADEMARK
### PRINCIPAL REGISTER

## TREAT STREET

MY FAVORITE COMPANY, INC. (FLORIDA
CORPORATION)
PO BOX 69977
LOS ANGELES, CA 90069

FOR: CANDY, IN CLASS 30 (U.S. CL. 46).

FIRST USE 10-1-2005; IN COMMERCE 10-1-2005.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "TREAT", APART FROM THE
MARK AS SHOWN.

SN 78-155,956, FILED 8-20-2002.

SUB LAWRENCE, EXAMINING ATTORNEY

23

# EXHIBIT 3







24











































# EXHIBIT 4













34







# EXHIBIT 5









PRODUCT OF CHINA
DISTRIBUTED BY
FRANKFORD CANDY
& CHOCOLATE CO.
PHILADELPHIA, PA 19114 USA
www.frankfordcandy.com

ITEM# 92129

0 41376 92129 2





Candy
BODY PARTS
PLATTER
FREAK STREET

Dept. 1
$5

NET WT 14.3 OZ (405g)



























# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 7530 PSG (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:

RUSS, AUGUST & KABAT
Irene Y. Lee
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Tel: (310) 826-7474

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY FAVORITE COMPANY, INC., <br><br> PLAINTIFF(S) <br><br> v. <br><br> WAL-MART STORES, INC. d/b/a WAL-MART, et al. <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV10 7530 PSG PJWx <br><br><br> SUMMONS |

TO:   DEFENDANT(S): Wal-Mart Stores, Inc. d/b/a Wal-Mart, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, New Castle, DE 19801

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Irene Y. Lee _____, whose address is 12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated:   OCT - 7 2010 _____

By: _____

Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Defendants:

WAL-MART STORES, INC. d/b/a WAL-MART;

ROSS ACQUISITION CO. d/b/a GALERIE AU CHOCOLAT;

FRANKFORD CANDY & CHOCOLATE CO., INC.;

IMAGININGS 3, INC.;

MORRIS NATIONAL, INC.;

GEMMY INDUSTRIES CORP.;

WILTON INDUSTRIES, INC.; and

DOES 1-10

Name & Address:

RUSS, AUGUST & KABAT
Irene Y. Lee
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Tel: (310) 826-7474

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MY FAVORITE COMPANY, INC., | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV10 7530 PSG PJWx |
| v. | |
| WAL-MART STORES, INC. d/b/a WAL-MART, et al. | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): Ross Acquisition Co. d/b/a Galerie au Chocolat c/o Corporate Statutory
Services, Inc., 820 Maple Avenue, Newport, KY 41071

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Irene Y. Lee_____, whose address is _12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated: ___OCT - 7 2010___        By: _____

Deputy Clerk

*(Seal of the Court)*        SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Defendants:

WAL-MART STORES, INC. d/b/a WAL-MART;

ROSS ACQUISITION CO. d/b/a GALERIE AU CHOCOLAT;

FRANKFORD CANDY & CHOCOLATE CO., INC.;

IMAGININGS 3, INC.;

MORRIS NATIONAL, INC.;

GEMMY INDUSTRIES CORP.;

WILTON INDUSTRIES, INC.; and

DOES 1-10

Name & Address:

RUSS, AUGUST & KABAT
Irene Y. Lee
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Tel: (310) 826-7474

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY FAVORITE COMPANY, INC.,<br><br>PLAINTIFF(S)<br><br>v.<br><br>WAL-MART STORES, INC. d/b/a WAL-MART, et al.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 7530 PSG (PJWx)<br><br>SUMMONS |

TO:   DEFENDANT(S): Frankford Candy & Chocolate Co., Inc., 9300 Ashton Road, Philadelphia, PA  19114-5200

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Irene Y. Lee_____, whose address is _12424 Wilshire Blvd., 12th Floor, Los Angeles, CA  90025_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated: ___OCT - 7 2010___                    By: _____
                                                                            Deputy Clerk

                                                                            *(Seal of the Court)*

                                                                            SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Defendants:

WAL-MART STORES, INC. d/b/a WAL-MART;

ROSS ACQUISITION CO. d/b/a GALERIE AU CHOCOLAT;

FRANKFORD CANDY & CHOCOLATE CO., INC.;

IMAGININGS 3, INC.;

MORRIS NATIONAL, INC.;

GEMMY INDUSTRIES CORP.;

WILTON INDUSTRIES, INC.; and

DOES 1-10

Name & Address:

RUSS, AUGUST & KABAT
Irene Y. Lee
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Tel: (310) 826-7474

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY FAVORITE COMPANY, INC.,<br><br>PLAINTIFF(S)<br><br>v.<br><br>WAL-MART STORES, INC. d/b/a WAL-MART, et al.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 7530 PSG PJWx<br><br><br>SUMMONS |

TO:   DEFENDANT(S): Imaginings 3, Inc., c/o Deborah Diamond, 6401 Gross Point Road, Niles, IL 60714

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Irene Y. Lee _____, whose address is  12424 Wilshire Blvd., 12th Floor, Los Angeles, CA  90025 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated:  OCT - 7 2010

By: _____

Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Defendants:

WAL-MART STORES, INC. d/b/a WAL-MART;

ROSS ACQUISITION CO. d/b/a GALERIE AU CHOCOLAT;

FRANKFORD CANDY & CHOCOLATE CO., INC.;

IMAGININGS 3, INC.;

MORRIS NATIONAL, INC.;

GEMMY INDUSTRIES CORP.;

WILTON INDUSTRIES, INC.; and

DOES 1-10

Name & Address:

RUSS, AUGUST & KABAT
Irene Y. Lee
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Tel: (310) 826-7474

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY FAVORITE COMPANY, INC.,<br><br>PLAINTIFF(S)<br><br>v.<br><br>WAL-MART STORES, INC. d/b/a WAL-MART, et al.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 7530 PSG PJWx<br><br>SUMMONS |

TO: DEFENDANT(S): Morris National, Inc., c/o Gerry Morris Zubatoff, 760 N. McKeever Avenue, Azusa, CA 91702

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Irene Y. Lee , whose address is 12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated: ___OCT - 7 2010___     By: _____

Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Defendants:

WAL-MART STORES, INC. d/b/a WAL-MART;

ROSS ACQUISITION CO. d/b/a GALERIE AU CHOCOLAT;

FRANKFORD CANDY & CHOCOLATE CO., INC.;

IMAGININGS 3, INC.;

MORRIS NATIONAL, INC.;

GEMMY INDUSTRIES CORP.;

WILTON INDUSTRIES, INC.; and

DOES 1-10

Name & Address:

RUSS, AUGUST & KABAT
Irene Y. Lee
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Tel: (310) 826-7474

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MY FAVORITE COMPANY, INC., | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV10 7530  PSG  PJWx |
| v. | |
| WAL-MART STORES, INC. d/b/a WAL-MART, et al. | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): Gemmy Industries Corporation, c/o David W. McIntyre, 117 Wrangler Drive, Coppell, TX 75019

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Irene Y. Lee_____, whose address is _12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated:  ___OCT - 7 2010___          By: _____

Deputy Clerk

(Seal of the Court)

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Defendants:

WAL-MART STORES, INC. d/b/a WAL-MART;

ROSS ACQUISITION CO. d/b/a GALERIE AU CHOCOLAT;

FRANKFORD CANDY & CHOCOLATE CO., INC.;

IMAGININGS 3, INC.;

MORRIS NATIONAL, INC.;

GEMMY INDUSTRIES CORP.;

WILTON INDUSTRIES, INC.; and

DOES 1-10

Name & Address:

RUSS, AUGUST & KABAT
Irene Y. Lee
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Tel:  (310) 826-7474

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY FAVORITE COMPANY, INC.,<br><br>PLAINTIFF(S)<br><br>v.<br><br>WAL-MART STORES, INC. d/b/a WAL-MART, et al.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10  7530   PSG   PLWx<br><br><br>SUMMONS |

TO:   DEFENDANT(S): Wilton Industries, Inc., c/o CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL  60604

A lawsuit has been filed against you.

Within   21    days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Irene Y. Lee _____, whose address is 12424 Wilshire Blvd., 12th Floor, Los Angeles, CA  90025 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

CHRISTOPHER POWERS

Dated:   OCT  - 7 2010

By: _____

Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                                SUMMONS

Defendants:

WAL-MART STORES, INC. d/b/a WAL-MART;

ROSS ACQUISITION CO. d/b/a GALERIE AU CHOCOLAT;

FRANKFORD CANDY & CHOCOLATE CO., INC.;

IMAGININGS 3, INC.;

MORRIS NATIONAL, INC.;

GEMMY INDUSTRIES CORP.;

WILTON INDUSTRIES, INC.; and

DOES 1-10

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>MY FAVORITE COMPANY, INC., | DEFENDANTS<br>WAL-MART STORES, INC. d/b/a WAL-MART, INC. et al. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Irene Y. Yee, RUSS AUGUST & KABAT<br>12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025<br>(310) 826-7474 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1051-1141; Trademark counterfeiting, trademark infringement, and unfair competition.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **FORFEITURE / PENALTY** | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 610 Agriculture | | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 640 R.R. & Truck | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 650 Airline Regs | | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 660 Occupational Safety /Health | | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 690 Other | | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

Additional civil rights column (TORTS PERSONAL PROPERTY / CIVIL RIGHTS):
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

CV10 7530

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Morris National, Inc. - Los Angeles County | See attached. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Frank J. Lee_   Date  _Oct. 7, 2010_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO IX (b) OF THE CIVIL COVER SHEET

WAL-MART STORES, INC. d/b/a   WAL-MART
Arkansas

ROSS ACQUISITION CO. d/b/a GALERIE AU CHOCOLAT
Kentucky

FRANKFORD CANDY & CHOCOLATE CO., INC.
Pennsylvania

IMAGININGS 3, INC.
Illinois

GEMMY INDUSTRIES CORP.
Texas

WILTON INDUSTRIES, INC.
Illinois