**RUSS AUGUST & KABAT**
Irene Y. Lee, CA State Bar No. 213625
Email: ilee@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310.826.7474
Facsimile: 310.826.6991

FILED
CLERK, U.S. DISTRICT COURT

DEC 13 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

**PATTISHALL, MCAULIFFE, NEWBURY,**
**HILLIARD & GERALDSON LLP**
Brett A. August, IL State Bar No. 0081345
Email: baa@pattishall.com
311 South Wacker Drive, Suite 5000
Chicago, IL 60606
Telephone: 312.554.8000
Facsimile: 312.554.8015
Attorneys for Plaintiff MY FAVORITE COMPANY, INC.

**FOLEY & LARDNER LLP**
Laura L. Chapman (State Bar No. 167249)
  lchapman@foley.com
Ary Chang,(State Bar No. 244247)
  achang@foley.com
555 California Street, 17th Floor
San Francisco, California 94104-1520
Telephone: (415) 438-6425
Facsimile: (415) 434-4507

**NOTE CHANGES MADE BY THE COURT**

Attorneys for Defendants,
WAL-MART STORES, INC., DAN-DEE
INTERNATIONAL LTD, D.F. STAUFFER BISCUIT COMPANY d/b/a STAUFFER'S,
FRANKFORD CANDY & CHOCOLATE CO., INC., FUN WORLD, INC.,
GEMMY INDUSTRIES CORPORATION, IMAGININGS 3, INC., MORRIS
NATIONAL, INC., ROSS ACQUISITION CO. d/b/a GALERIE AU CHOCOLAT,
WILTON INDUSTRIES, INC.; and SEMINOLE CONSULTING & MARKETING,
INC. d/b/a SCM DESIGNS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MY FAVORITE COMPANY, INC.,

PLAINTIFF,

v.

WAL-MART STORES, INC. ET AL.,

DEFENDANTS.

) CASE NO:  2:10-CV-07530 PSG (PJWx)
)
) **STIPULATION TO ENTRY OF**
) **PROTECTIVE ORDER**
)
)
) JUDGE: HON. PHILIP S. GUTIERREZ
)
)
) **NOTE CHANGES MADE BY THE COURT**

DLMR_837577.1

1    Plaintiff My Favorite Company, Inc. and Defendants Wal-Mart Stores, Inc.,

2  Ross Acquisition Co. d/b/a Galerie Au Chocolat, Dan-Dee International Ltd,

3  Frankford Candy & Chocolate Co., Inc., Fun World, Inc., Gemmy Industries

4  Corporation, Imaginings 3, Inc., Morris National, Inc., Wilton Industries, Inc., D.F.

5  Stauffer Biscuit Company d/b/a Stauffer's, and Seminole Consulting & Marketing,

6  Inc. d/b/a SCM Designs have agreed to be bound by the terms of this Protective

7  Order in the above-captioned action (the "Action"), which governs the production

8  or exchange of documents and other discovery materials in connection with the

9  Action by or between the Parties and any third parties, either through the formal

10  discovery process or informally.

11  **I.    DEFINITIONS**

12    1.   As used in this Protective Order,

13      a.    "Designating Party" means any Person who designates Material

14  as Confidential Material.

15      b.    "Discovering Counsel" means counsel of record for a

16  Discovering Party.

17      c.    "Discovering Party" means the Party to whom Material is being

18  Provided by a Producing Party.

19      d.    "Confidential Material" means any material designated as

20  CONFIDENTIAL or where appropriate, HIGHLY CONFIDENTIAL -

21  ATTORNEYS' EYES ONLY, in accordance with the terms of this Protective

22  Order.

23      e.    "Material" means any document, testimony or information in

24  any form or medium whatsoever, including, without limitation, any written or

25  printed matter, Provided in this action by a Party before or after the date of this

26  Protective Order.

27

28

DLMR_837577.1

f.    "Party" means the Parties to this action, their attorneys of record and their agents.

g.    "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

h.    "Producing Party" means any Person who Provides Material during the course of this action.

i.    "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## II.    CONFIDENTIAL DESIGNATION

2.    A Producing Party may designate as "CONFIDENTIAL" any Material provided to a Party which contains or discloses any of the following:

a.    Non-public insider information, personnel files, financial information, trade secrets, confidential commercial information, proprietary information, or other confidential or sensitive information which the Producing Party determines in good faith should be kept confidential; and

b.    Information that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person.

3.    A Producing Party may designate as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY any Material the Producing Party contends contains or discloses information which it in good faith believes to be of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed.

4.    A Producing Party shall stamp as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Materials which the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraphs 2 or 3 of this Order. A Producing Party may designate

3

DLMR_837577.1

1 | Confidential Material for Protection under this order by either of the following
2 | methods:

3 |     a.     By physically marking it with the following inscription prior to
4 | Providing it to a Party:

5 |                              CONFIDENTIAL

6 |                                   or

7 |      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

8 |     b.     By identifying with specificity in writing to the Discovering
9 | Party any previously Provided Material which was not designated as Confidential
10 | Material prior to its having been Provided. For purposes of this method of
11 | designation, it will be a sufficiently specific identification to refer to the bates
12 | numbers or deposition page numbers of previously Provided Material. Where a
13 | Producing Party designates previously Provided Material as Confidential Material
14 | pursuant to this subparagraph, the Producing Party will follow the procedures set
15 | forth in the previous subparagraph for designating Confidential Material, and
16 | Provide to the Discovering Party additional copies of the previously Provided
17 | Material marked with the inscription described in the previous subparagraph. Upon
18 | receipt of the additional copies which comply with the procedures set forth in the
19 | previous subparagraph, the Discovering Party will immediately return to the
20 | Producing Party the previously Provided Material that was not designated as
21 | Confidential Material, or alternatively, will destroy all the previously Provided
22 | Material that was not designated as Confidential Material, at the option of the
23 | Producing Party. For previously Provided Material which was not designated as
24 | Confidential Material at the time of its being Provided, this Protective Order shall
25 | apply to such materials beginning on the date that the Producing Party makes such
26 | designation.

27

28

4

DLMR_837577.1

1       All costs associated with the designations of materials as "Confidential" or

2   "Highly Confidential - Attorneys' Eyes Only" involving, for example, the cost of

3   binding confidential portions of deposition transcripts, shall be initially borne by

4   the Party making the designation with no prejudice regarding the Designating

5   Party's ability to recover its costs upon completion of the litigation.

6       The designation of documents as "Confidential" or "Highly Confidential -

7   Attorneys' Eyes Only" is a necessary but not a sufficient condition for having

8   those documents filed under seal.  An application, including a stipulated

9   application, to file documents under seal must comply with Local Rule 79-5.

10   **III.   RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**

11       5.    Confidential Material designated as CONFIDENTIAL shall not be

12   disclosed, nor shall its contents be disclosed, to any person other than those

13   described in Paragraph 8 of this Protective Order and other than in accordance with

14   the terms, conditions and restrictions of this Protective Order. Confidential

15   Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

16   ONLY shall not be disclosed, nor shall its contents be disclosed to any person

17   other than those described in Paragraph 9 of this Protective Order.

18       6.    Confidential Material Provided by a Producing Party to a Discovering

19   Party shall not be used by the Discovering Party or anyone other than the

20   Producing Party, specifically including the persons identified in Paragraphs 8 or 9

21   as appropriate, for any purpose, including, without limitation any personal,

22   business, governmental, commercial, publicity, public-relations, or litigation

23   (administrative or judicial) purpose, other than the prosecution or defense of this

24   action.

25       7.    All Confidential Material shall be kept secure by Discovering Counsel

26   and access to Confidential Material shall be limited to persons authorized pursuant

27   to Paragraphs 8 or 9 of this Protective Order.

28

DLMR_837577.1

8.      For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Provided Material designated as CONFIDENTIAL and the contents of Provided Material designated as CONFIDENTIAL only to the following persons:

a.      Counsel of record working on this action on behalf of any party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

b.      In-house counsel and such in-house counsel's employees who are directly participating in this action, including counsel's paralegals, assistants, secretaries, and clerical staff;

c.      Court and deposition reporters and their staff;

d.      The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL;

e.      Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 2-4;

f.      Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 2-4;

g.      Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

h.      Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

i.      Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

DLMR_837577.1

1    j.    Any Person who the Parties agree in writing may receive

2  Material designated as CONFIDENTIAL.  When a Party specifically identifies a

3  Person to receive Material designated as CONFIDENTIAL and offers a reasonable

4  basis for such a request,  the other Parties agree that they will not unreasonably

5  withhold their consent to such disclosure.

6    The Parties shall make a good faith effort to limit dissemination of Material

7  designated as CONFIDENTIAL within these categories to Persons who have a

8  reasonable need for access thereto.

9    9.    For purposes of the preparation of this action, and subject to the terms,

10  conditions, and restrictions of this Protective Order, the Discovering Counsel may

11  disclose Confidential Material designated as HIGHLY CONFIDENTIAL -

12  ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to

13  the following persons:

14    a.    Counsel of record for the Parties to this action and counsel's

15  employees who are directly participating in this action, including counsel's

16  partners, associates, paralegals, assistants, secretarial, and clerical staff;

17    b.    Court and deposition reporters and their staff;

18    c.    The Court and any person employed by the Court whose duties

19  require access to Material designated as HIGHLY CONFIDENTIAL -

20  ATTORNEYS' EYES ONLY;

21    d.    Witnesses at depositions or pre-trial proceedings, in accordance

22  with procedures set forth in paragraphs 2-4;

23    e.    Non-party experts and consultants assisting counsel with

24  respect to this action and their secretarial, technical and clerical employees who are

25  actively assisting in the preparation of this action, in accordance with the

26  procedures set forth in paragraphs 2-4;

27

28

STIPULATION TO ENTRY OF PROTECTIVE ORDER
CASE NO.: 2:10-CV-07530 PSG (PJWx)

DLMR_837577.1

f.     Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

g.     Any Person identified on the face of any such Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY as an author or recipient thereof;

h.     Any Person who is determined to have been an author and/or previous recipient of the Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY by such Person; and

i.     Any Person who the Parties agree in writing may receive Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.

## IV.   UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

10.   Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 8(e), 8(f), 9(d) or 9(e) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order, shall read Paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10 and 11 (including the subparagraphs where applicable) of the Protective Order, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 8(e), 8(f), 9(d) or 9(e)) to whom Discovering Counsel discloses Confidential Material.

11.   The individuals designated in subparagraph 8(b) above, are specifically prohibited from publishing, releasing, or otherwise disclosing Material

DLMR_837577.1

1   designated as CONFIDENTIAL, or the contents thereof, to any directors, officers,

2   or employees of the company for which the individual is employed, or to any other

3   persons not authorized under this Protective Order to receive such information.

4   The designated individuals in subparagraph 8(b) shall retain all CONFIDENTIAL

5   material in a secure manner under separate and confidential file, so as to avoid

6   inadvertent access by, or disclosure to, unauthorized persons.

7   **V.    DEPOSITIONS**

8       12.    Those portions of depositions taken by any Party at which any

9   Material designated as CONFIDENTIAL is used or inquired into, may not be

10  conducted in the presence of any Person(s) other than (a) the deposition witness,

11  (b) his or her counsel, and (c) Persons authorized under Paragraph 8 of this

12  Protective Order to view such Confidential Material. During those portions of

13  depositions in which Material designated HIGHLY CONFIDENTIAL -

14  ATTORNEYS' EYES ONLY is used or inquired into, only those persons

15  authorized under Paragraph 9 to view such Materials may be present.

16      13.    Counsel for any deponent may designate testimony or exhibits as

17  Confidential Material by indicating on the record at the deposition that the

18  testimony of the deponent or any exhibits to his or her testimony are to be treated

19  as Confidential Material. Counsel for any Party may designate exhibits in which

20  that Party has a cognizable interest as Confidential Material by indicating on the

21  record at the deposition that such exhibit(s) are to be treated as Confidential

22  Material. Failure of counsel to designate testimony or exhibits as confidential at

23  deposition, however, shall not constitute a waiver of the protected status of the

24  testimony or exhibits. Within thirty (30) calendar days of receipt of the transcript

25  of the deposition, or thirty days of the date on which this Protective Order becomes

26  effective, whichever occurs last, counsel shall be entitled to designate specific

27  testimony or exhibits as Confidential Material. If counsel for the deponent or Party

28

DLMR_837577.1

1 fails to designate the transcript or exhibits as Confidential within the above-

2 described thirty-day period, any other Party shall be entitled to treat the transcript

3 or exhibits as non-confidential material. For purposes of this Paragraph 13, this

4 Protective Order shall be deemed "effective" on the date on which it has been

5 executed by all counsel for the Parties.

6    14. When Material disclosed during a deposition is designated

7 Confidential Material at the time testimony is given, the reporter shall separately

8 transcribe those portions of the testimony so designated, shall mark the face of the

9 transcript in accordance with Paragraph 4 above, and shall maintain that portion of

10 the transcript or exhibits in separate files marked to designate the confidentiality of

11 their contents. The reporter shall not file or lodge with the Court any Confidential

12 Material without obtaining written consent from the Party who designated the

13 Material as Confidential Material. For convenience, if a deposition transcript or

14 exhibit contains repeated references to Confidential Material which cannot

15 conveniently be segregated from non-confidential material, any Party may request

16 that the entire transcript or exhibit be maintained by the reporter as Confidential

17 Material.

18 **VI.** **USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND**

19 **OTHER COURT PAPERS**

20    15. Any document (including the motion papers themselves) submitted to

21 the Court that reveals any Confidential Material shall be filed under seal, labeled as

22 follows: "This Document Is Subject to a Protective Order Issued by the Court and

23 May Not Be Examined or Copied Except in Compliance with that Order."

24 Documents so labeled shall be kept by the Clerk under seal and shall be made

25 available only to the Court or persons authorized by the terms of this Order to have

26 access thereto. Any documents the Court orders submitted under seal shall be filed

27

28

UNDER SEAL FILINGS GOVERNED
BY LOCAL RULE 79-5.

DLMR_837577.1

1  and handled in the same manner as Confidential Material filed in connection with

2  discovery motions or proceedings.

3  **VII.   OBJECTIONS TO DESIGNATION**

4      16.   Any Party may at any time notify the Designating Party in writing of

5  its contention that specified Material designated as Confidential Material is not

6  properly so designated because such Material does not warrant protection under

7  applicable law. The Designating Party shall within five (5) court days, meet and

8  confer in good faith with the Party challenging the designation in an attempt to

9  resolve such dispute. The Party challenging the designation shall have ten (10)

10  calendar days from the initial meet and confer to file a motion to challenge the

11  designation of the Material in question.  Any such motion shall be set for hearing

12  on the first available calendar date.  If no motion is filed within ten (10) days, or

13  any mutually agreed to extension of time, all Parties shall treat the Material as

14  Confidential Material as designated by the Designating Party. Pending resolution

15  of any motion filed pursuant to this Paragraph, all Persons bound by this Protective

16  Order shall continue to treat the Material which is the subject of the motion as

17  Confidential Material.

18      17.   Any discovery disputes concerning the designation of materials or

19  disclosure of documents or information under this Protective Order shall be

20  brought in compliance with Local Rule 37 and a proposed stipulated protective

21  order should so provide.

22  **VIII.   RETURN OF MATERIAL**

23      18.   Within ninety (90) calendar days after the final settlement or

24  termination of this action, Discovering Counsel shall return or destroy (at the

25  option and expense of Discovering Counsel) all Materials provided by a Producing

26  Party and all copies thereof except to the extent that any of the foregoing includes

27  or reflects Discovering Counsel's work product, and except to the extent that such

28

DLMR_837577.1

1  Material has been filed with a court in which proceedings related to this action are

2  being conducted. In addition, with respect to any such retained work product and

3  unless otherwise agreed to, at the conclusion of this action, counsel for each Party

4  shall store in a secure area all work product which embodies Confidential Material

5  together with all of the signed undertakings they are required to preserve pursuant

6  to Paragraph 10 above, and shall not make use of such Material except in

7  connection with any action arising directly out of these actions, or pursuant to a

8  court order for good cause shown. The obligation of this Protective Order shall

9  survive the termination of this action. To the extent that Confidential Materials are

10 or become known to the public through no fault of the Discovering Party, such

11 Confidential Materials shall no longer be subject to the terms of this Protective

12 Order. Upon request, counsel for each Party shall verify in writing that they have

13 complied with the provisions of this paragraph.

14 **IX.    SCOPE OF THIS ORDER**

15      19.    Except for the provisions regarding post-trial or post-settlement return

16 and destruction of Material, or segregation of work product which embodies

17 Confidential Material, this Order is strictly a pretrial order; it does not govern the

18 trial in this action.

19      20.    Not later than seven (7) days before trial in the action, Counsel agree

20 to meet and confer concerning the use at trial of Confidential Material.

21      21.    Nothing in this Protective Order shall be deemed to limit, prejudice,

22 or waive any right of any Party or Person (a) to resist or compel discovery with

23 respect to, or to seek to obtain additional or different protection for, Material

24 claimed to be protected work product or privileged under California or federal law,

25 Material as to which the Producing Party claims a legal obligation not to disclose,

26 or Material not required to be provided pursuant to California law; (b) to seek to

27 modify or obtain relief from any aspect of this Protective Order; (c) to object to the

28

DLMR_837577.1

1   use, relevance, or admissibility at trial or otherwise of any Material, whether or not

2   designated in whole or in part as Confidential Material governed by this Protective

3   Order; or (d) otherwise to require that discovery be conducted according to

4   governing laws and rules.

5       22.    Designation of Material as Confidential Material on the face of such

6   Material shall have no effect on the authenticity or admissibility of such Material at

7   trial.

8       23.    This Protective Order shall not preclude any Person from waiving the

9   applicability of this Protective Order with respect to any Confidential Material

10   Provided by that Person or using any Confidential Material Provided by that

11   Person or using any Confidential Material owned by that Person in any manner that

12   Person deems appropriate.

13       24.    This Protective Order shall not affect any contractual, statutory or

14   other legal obligation or the rights of any Party or Person with respect to

15   Confidential Material designated by that Party.

16       25.    The restrictions set out in the Protective Order shall not apply to any

17   Material which:

18       a.    At the time it is Provided is available to the public;

19       b.    After it is Provided, becomes available to the public through no

20   act, or failure to act, of the Discovering Party; or

21       c.    The Discovering Party can show

22       i.    Was already known to the Discovering Party

23   independently of receipt of the Confidential Material in this or prior litigation; or

24       ii.    Was received by the Discovering Party, after the time it

25   was designated as Confidential Material hereunder, from a third party having the

26   right to make such disclosure.

27

28

DLMR_837577.1

26.   If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order.

DLMR_837577.1

# **EXHIBIT A**

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE
## ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Protective Order that was issued by the United States

District Court for the Central District of California in the case of *My Favorite

Company, Inc. v. Wal-Mart Stores, Inc., et al.*, No. 2:10-CV-07530 PSG (PJWX).

I agree to comply with and to be bound by all the terms of this Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

Date: _____, 2010

City and State where sworn and signed: _____

Signed: _____        _____

       [Print Name]          [Signature].

15

DLMR_837577.1

1

2   DATE: DECEMBER 10, 2010                **RUSS AUGUST & KABAT**
                                           IRENE Y. LEE
3

4                                          **PATTISHALL, MCAULIFFE,**
                                           **NEWBURY, HILLIARD &**
5                                          **GERALDSON LLP**
                                           BRETT A. AUGUST
6

7

8                                          By:   /s/ IRENE Y. LEE
                                           IRENE Y. LEE
9                                          Attorneys Plaintiff My Favorite Company,
                                           Inc.
10

11  DATE: DECEMBER 10, 2010                **FOLEY & LARDNER LLP**
                                           LAURA L. CHAPMAN
12                                         ARY CHANG

13

14                                         By:   /s/ LAURA L. CHAPMAN
15                                         LAURA L. CHAPMAN
                                           Attorneys for Defendants Wal-Mart Stores,
16                                         Inc., Ross Acquisition Co. d/b/a Galerie Au
                                           Chocolat, Dan-Dee International Ltd, D.F.
17                                         Stauffer Biscuit Company d/b/a Stauffer's,
                                           Frankford Candy & Chocolate Co., Inc., Fun
18                                         World, Inc., Gemmy Industries Corporation,
                                           Imaginings 3, Inc., Morris National, Inc.,
19                                         Wilton Industries, Inc., and Seminole
                                           Consulting and Marketing, Inc. d/b/a SCM
20                                         Designs

21

22

23

24

25

26

27

28                                         16
                                    STIPULATION TO ENTRY OF PROTECTIVE ORDER
                                      CASE NO.: 2:10-CV-07530 PSG (PJWx)

DLMR_837577.1

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MY FAVORITE COMPANY, INC., | ) CASE NO: 2:10-CV-07530 PSG (PJWX) |
| PLAINTIFF, | ) [PROPOSED] PROTECTIVE ORDER |
| V. | ) |
| WAL-MART STORES, INC. ET AL., | ) JUDGE: HON. PHILIP S. GUTIERREZ |
| DEFENDANTS. | ) |

15      Plaintiff My Favorite Company, Inc. and Defendants Wal-Mart Stores, Inc.,

Ross Acquisition Co. d/b/a Galerie Au Chocolat, Dan-Dee International Ltd,

Frankford Candy & Chocolate Co., Inc., Fun World, Inc., Gemmy Industries

Corporation, Imaginings 3, Inc., Morris National, Inc., Wilton Industries, Inc., D.F.

Stauffer Biscuit Company d/b/a Stauffer's, and Seminole Consulting & Marketing,

Inc. d/b/a SCM Designs have agreed to be bound by the terms of this Protective

Order in the above-captioned action (the "Action"), which governs the production

or exchange of documents and other discovery materials in connection with the

Action by or between the Parties and any third parties, either through the formal

discovery process or informally.

## I.    DEFINITIONS

1.    As used in this Protective Order,

DLMR_837577.1

a.    "Designating Party" means any Person who designates Material as Confidential Material.

b.    "Discovering Counsel" means counsel of record for a Discovering Party.

c.    "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

d.    "Confidential Material" means any material designated as CONFIDENTIAL or where appropriate, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, in accordance with the terms of this Protective Order.

e.    "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

f.    "Party" means the Parties to this action, their attorneys of record and their agents.

g.    "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

h.    "Producing Party" means any Person who Provides Material during the course of this action.

i.    "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## II.    **CONFIDENTIAL DESIGNATION**

2.    A Producing Party may designate as "CONFIDENTIAL" any Material provided to a Party which contains or discloses any of the following:

DLMR_837577.1

1        a.      Non-public insider information, personnel files, financial

2   information, trade secrets, confidential commercial information, proprietary

3   information, or other confidential or sensitive information which the

4   Producing Party determines in good faith should be kept confidential; and

5        b.      Information that the Party is under a duty to preserve as

6   confidential under an agreement with or other obligation to another Person.

7   3.      A Producing Party may designate as "HIGHLY CONFIDENTIAL -

8   ATTORNEYS' EYES ONLY any Material the Producing Party contends contains

9   or discloses information which it in good faith believes to be of an extremely high

10  degree of current commercial sensitivity and/or would provide a competitive

11  advantage to its competitors if disclosed.

12  4.      A Producing Party shall stamp as CONFIDENTIAL or HIGHLY

13  CONFIDENTIAL - ATTORNEYS' EYES ONLY Materials which the Producing

14  Party in good faith believes are entitled to protection pursuant to the standards set

15  forth in Paragraphs 2 or 3 of this Order. A Producing Party may designate

16  Confidential Material for Protection under this order by either of the following

17  methods:

18      a.      By physically marking it with the following inscription prior to

19  Providing it to a Party:

20                      CONFIDENTIAL

21                           or

22      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

23      b.      By identifying with specificity in writing to the Discovering

24  Party any previously Provided Material which was not designated as Confidential

25  Material prior to its having been Provided. For purposes of this method of

26  designation, it will be a sufficiently specific identification to refer to the bates

27  numbers or deposition page numbers of previously Provided Material. Where a

28

DLMR_837577.1

1  Producing Party designates previously Provided Material as Confidential Material

2  pursuant to this subparagraph, the Producing Party will follow the procedures set

3  forth in the previous subparagraph for designating Confidential Material, and

4  Provide to the Discovering Party additional copies of the previously Provided

5  Material marked with the inscription described in the previous subparagraph. Upon

6  receipt of the additional copies which comply with the procedures set forth in the

7  previous subparagraph, the Discovering Party will immediately return to the

8  Producing Party the previously Provided Material that was not designated as

9  Confidential Material, or alternatively, will destroy all the previously Provided

10  Material that was not designated as Confidential Material, at the option of the

11  Producing Party. For previously Provided Material which was not designated as

12  Confidential Material at the time of its being Provided, this Protective Order shall

13  apply to such materials beginning on the date that the Producing Party makes such

14  designation.

15      All costs associated with the designations of materials as "Confidential" or

16  "Highly Confidential - Attorneys' Eyes Only" involving, for example, the cost of

17  binding confidential portions of deposition transcripts, shall be initially borne by

18  the Party making the designation with no prejudice regarding the Designating

19  Party's ability to recover its costs upon completion of the litigation.

20      The designation of documents as "Confidential" or "Highly Confidential -

21  Attorneys' Eyes Only" is a necessary but not a sufficient condition for having

22  those documents filed under seal.  An application, including a stipulated

23  application, to file documents under seal must comply with Local Rule 79-5.

24  **III.   RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**

25      5.      Confidential Material designated as CONFIDENTIAL shall not be

26  disclosed, nor shall its contents be disclosed, to any person other than those

27  described in Paragraph 8 of this Protective Order and other than in accordance with

28

DLMR_837577.1

1   the terms, conditions and restrictions of this Protective Order. Confidential

2   Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

3   ONLY shall not be disclosed, nor shall its contents be disclosed to any person

4   other than those described in Paragraph 9 of this Protective Order.

5      6.      Confidential Material Provided by a Producing Party to a Discovering

6   Party shall not be used by the Discovering Party or anyone other than the

7   Producing Party, specifically including the persons identified in Paragraphs 8 or 9

8   as appropriate, for any purpose, including, without limitation any personal,

9   business, governmental, commercial, publicity, public-relations, or litigation

10   (administrative or judicial) purpose, other than the prosecution or defense of this

11   action.

12      7.      All Confidential Material shall be kept secure by Discovering Counsel

13   and access to Confidential Material shall be limited to persons authorized pursuant

14   to Paragraphs 8 or 9 of this Protective Order.

15      8.      For purposes of the preparation of this action, and subject to the terms,

16   conditions, and restrictions of this Protective Order, Discovering Counsel may

17   disclose Provided Material designated as CONFIDENTIAL and the contents of

18   Provided Material designated as CONFIDENTIAL only to the following persons:

19         a.      Counsel of record working on this action on behalf of any party

20   and counsel's employees who are directly participating in this action, including

21   counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

22         b.      In-house counsel and such in-house counsel's employees who

23   are directly participating in this action, including counsel's paralegals, assistants,

24   secretaries, and clerical staff;

25         c.      Court and deposition reporters and their staff;

26         d.      The Court and any Person employed by the Court whose duties

27   require access to Material designated as CONFIDENTIAL;

28

DLMR_837577.1

1               e.        Witnesses at depositions or pre-trial proceedings, in accordance

2    with procedures set forth in Paragraphs 2-4;

3               f.         Non-party experts and consultants assisting counsel with

4    respect to this action and their secretarial, technical and clerical employees who are

5    actively assisting in the preparation of this action, in accordance with the

6    procedures set forth in Paragraphs 2-4;

7               g.        Photocopy service personnel who photocopied or assisted in the

8    photocopying or delivering of documents in this litigation;

9               h.        Any Person identified on the face of any such Material

10   designated as CONFIDENTIAL as an author or recipient thereof;

11              i.         Any Person who is determined to have been an author and/or

12   previous recipient of the Material designated as CONFIDENTIAL, but is not

13   identified on the face thereof, provided there is prior testimony of actual authorship

14   or receipt of the Material designated as CONFIDENTIAL by such Person; and

15              j.         Any Person who the Parties agree in writing may receive

16   Material designated as CONFIDENTIAL.  When a Party specifically identifies a

17   Person to receive Material designated as CONFIDENTIAL and offers a reasonable

18   basis for such a request,  the other Parties agree that they will not unreasonably

19   withhold their consent to such disclosure.

20        The Parties shall make a good faith effort to limit dissemination of Material

21   designated as CONFIDENTIAL within these categories to Persons who have a

22   reasonable need for access thereto.

23        9.     For purposes of the preparation of this action, and subject to the terms,

24   conditions, and restrictions of this Protective Order, the Discovering Counsel may

25   disclose Confidential Material designated as HIGHLY CONFIDENTIAL -

26   ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to

27   the following persons:

28

PROPOSED PROTECTIVE ORDER
CASE NO.: 2:10-CV-07530 PSG (PJWx)

DLMR_837577.1

a.  Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff;

b.  Court and deposition reporters and their staff;

c.  The Court and any person employed by the Court whose duties require access to Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY;

d.  Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in paragraphs 2-4;

e.  Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in paragraphs 2-4;

f.  Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

g.  Any Person identified on the face of any such Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY as an author or recipient thereof;

h.  Any Person who is determined to have been an author and/or previous recipient of the Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY by such Person; and

i.  Any Person who the Parties agree in writing may receive Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.

**IV.   UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

DLMR_837577.1

10.     Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 8(e), 8(f), 9(d) or 9(e) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order, shall read Paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10 and 11 (including the subparagraphs where applicable) of the Protective Order, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 8(e), 8(f), 9(d) or 9(e)) to whom Discovering Counsel discloses Confidential Material.

11.     The individuals designated in subparagraph 8(b) above, are specifically prohibited from publishing, releasing, or otherwise disclosing Material designated as CONFIDENTIAL, or the contents thereof, to any directors, officers, or employees of the company for which the individual is employed, or to any other persons not authorized under this Protective Order to receive such information. The designated individuals in subparagraph 8(b) shall retain all CONFIDENTIAL material in a secure manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized persons.

## V.     DEPOSITIONS

12.     Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 8 of this Protective Order to view such Confidential Material. During those portions of depositions in which Material designated HIGHLY CONFIDENTIAL -

DLMR_837577.1

1   ATTORNEYS' EYES ONLY is used or inquired into, only those persons

2   authorized under Paragraph 9 to view such Materials may be present.

3       13.   Counsel for any deponent may designate testimony or exhibits as

4   Confidential Material by indicating on the record at the deposition that the

5   testimony of the deponent or any exhibits to his or her testimony are to be treated

6   as Confidential Material. Counsel for any Party may designate exhibits in which

7   that Party has a cognizable interest as Confidential Material by indicating on the

8   record at the deposition that such exhibit(s) are to be treated as Confidential

9   Material. Failure of counsel to designate testimony or exhibits as confidential at

10   deposition, however, shall not constitute a waiver of the protected status of the

11   testimony or exhibits. Within thirty (30) calendar days of receipt of the transcript

12   of the deposition, or thirty days of the date on which this Protective Order becomes

13   effective, whichever occurs last, counsel shall be entitled to designate specific

14   testimony or exhibits as Confidential Material. If counsel for the deponent or Party

15   fails to designate the transcript or exhibits as Confidential within the above-

16   described thirty-day period, any other Party shall be entitled to treat the transcript

17   or exhibits as non-confidential material. For purposes of this Paragraph 13, this

18   Protective Order shall be deemed "effective" on the date on which it has been

19   executed by all counsel for the Parties.

20       14.   When Material disclosed during a deposition is designated

21   Confidential Material at the time testimony is given, the reporter shall separately

22   transcribe those portions of the testimony so designated, shall mark the face of the

23   transcript in accordance with Paragraph 4 above, and shall maintain that portion of

24   the transcript or exhibits in separate files marked to designate the confidentiality of

25   their contents. The reporter shall not file or lodge with the Court any Confidential

26   Material without obtaining written consent from the Party who designated the

27   Material as Confidential Material. For convenience, if a deposition transcript or

28

DLMR_837577.1

1  exhibit contains repeated references to Confidential Material which cannot

2  conveniently be segregated from non-confidential material, any Party may request

3  that the entire transcript or exhibit be maintained by the reporter as Confidential

4  Material.

5  **VI.    USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND**

6  **OTHER COURT PAPERS**   *UNDER SEAL FILINGS GOVERNED 79-5*

*BY L.R.*

7       15.    Any document (including the motion papers themselves) submitted to

8  the Court that reveals any Confidential Material shall be filed under seal, labeled as

9  follows: "This Document Is Subject to a Protective Order Issued by the Court and

10  May Not Be Examined or Copied Except in Compliance with that Order."

11  Documents so labeled shall be kept by the Clerk under seal and shall be made

12  available only to the Court or persons authorized by the terms of this Order to have

13  access thereto. Any documents the Court orders submitted under seal shall be filed

14  and handled in the same manner as Confidential Material filed in connection with

15  discovery motions or proceedings.

16  **VII.   OBJECTIONS TO DESIGNATION**

17       16.    Any Party may at any time notify the Designating Party in writing of

18  its contention that specified Material designated as Confidential Material is not

19  properly so designated because such Material does not warrant protection under

20  applicable law. The Designating Party shall within five (5) court days, meet and

21  confer in good faith with the Party challenging the designation in an attempt to

22  resolve such dispute. The Party challenging the designation shall have ten (10)

23  calendar days from the initial meet and confer to file a motion to challenge the

24  designation of the Material in question.  Any such motion shall be set for hearing

25  on the first available calendar date.  If no motion is filed within ten (10) days, or

26  any mutually agreed to extension of time, all Parties shall treat the Material as

27  Confidential Material as designated by the Designating Party. Pending resolution

28

DLMR_837577.1

1  of any motion filed pursuant to this Paragraph, all Persons bound by this Protective

2  Order shall continue to treat the Material which is the subject of the motion as

3  Confidential Material.

4       17.    Any discovery disputes concerning the designation of materials or

5  disclosure of documents or information under this Protective Order shall be

6  brought in compliance with Local Rule 37 and a proposed stipulated protective

7  order should so provide.

8  **VIII.  RETURN OF MATERIAL**

9       18.    Within ninety (90) calendar days after the final settlement or

10  termination of this action, Discovering Counsel shall return or destroy (at the

11  option and expense of Discovering Counsel) all Materials provided by a Producing

12  Party and all copies thereof except to the extent that any of the foregoing includes

13  or reflects Discovering Counsel's work product, and except to the extent that such

14  Material has been filed with a court in which proceedings related to this action are

15  being conducted. In addition, with respect to any such retained work product and

16  unless otherwise agreed to, at the conclusion of this action, counsel for each Party

17  shall store in a secure area all work product which embodies Confidential Material

18  together with all of the signed undertakings they are required to preserve pursuant

19  to Paragraph 10 above, and shall not make use of such Material except in

20  connection with any action arising directly out of these actions, or pursuant to a

21  court order for good cause shown. The obligation of this Protective Order shall

22  survive the termination of this action. To the extent that Confidential Materials are

23  or become known to the public through no fault of the Discovering Party, such

24  Confidential Materials shall no longer be subject to the terms of this Protective

25  Order. Upon request, counsel for each Party shall verify in writing that they have

26  complied with the provisions of this paragraph.

27  **IX.   SCOPE OF THIS ORDER**

28

19.    Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product which embodies Confidential Material, this Order is strictly a pretrial order; it does not govern the trial in this action.

20.    Not later than seven (7) days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

21.    Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

22.    Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

23.    This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

DLMR_837577.1

1     24.    This Protective Order shall not affect any contractual, statutory or

2  other legal obligation or the rights of any Party or Person with respect to

3  Confidential Material designated by that Party.

4     25.    The restrictions set out in the Protective Order shall not apply to any

5  Material which:

6           a.     At the time it is Provided is available to the public;

7           b.     After it is Provided, becomes available to the public through no

8  act, or failure to act, of the Discovering Party; or

9           c.     The Discovering Party can show

10                i.     Was already known to the Discovering Party

11  independently of receipt of the Confidential Material in this or prior litigation; or

12                ii.     Was received by the Discovering Party, after the time it

13  was designated as Confidential Material hereunder, from a third party having the

14  right to make such disclosure.

15     26.    If at any time any Material protected by this Protective Order is

16  subpoenaed from the Discovering Party by any Court, administrative or legislative

17  body, or is requested by any other Person or entity purporting to have authority to

18  require the production of such material, the Party to whom the subpoena or other

19  request is directed shall immediately give written notice thereof to the Producing

20  Party with respect to Confidential Material sought and shall afford the Producing

21  Party reasonable opportunity to pursue formal objections to such disclosures. If the

22  Producing Party does not prevail on its objections to such disclosure, the

23  Discovering Party may produce the Confidential Material without violating this

24  Protective Order.

25

26  DATED:   12 / 13 , 2010    By: _____

27                                   PATRICK J. WALSH
                          Honorable ~~Philip S. Gutierrez~~
                          **United States Magistrate Judge**

28

13

DLMR_837577.1

# **EXHIBIT A**

## **UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *My Favorite Company, Inc. v. Wal-Mart Stores, Inc., et al.*, No. 2:10-CV-07530 PSG (PJWX). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2010

City and State where sworn and signed: _____

Signed: _____        _____

         [Print Name]                    [Signature].

14

PROPOSED PROTECTIVE ORDER
CASE NO.: 2:10-CV-07530 PSG (PJWx)

DLMR_837577.1